BY THE COURT.
The claim is for what the services rendered were reasonably worth. You have a right to the customary wages. These can be shown by evidence of the usual price paid for such services in the place where these services were rendered. If the-price can be enhanced by showing they were beneficial to the employer in an extraordinary degree, they may likewise be reduced, by showing they were of little or no use. The rule is general, and fixes the compensation, where no price is agreed, at the common price Cor like service, and whether the employer make much or little, or lose, makes no difference; of that he runs his own risk. The question cannot be asked.
The defence insisted there was a special contract. It was admitted one had been entered into originally. Notice had been given to the plaintiff to produce it, which not being done, Bates, the defendant, was called and sworn as to the loss of the copy he-had, and then other witnesses were called as to its contents.
BY THE COURT, to the jury. It is conceded before you that *731 services were rendered by the plaintiff for the defendant, and that there once was a written contract for those services and fixing the price. But it is insisted the contract was cancelled or put an end to. Notwithstanding the contract, if the work has been done, or the contract has been rescinded by the parties, the plaintiff may recover in this form of action, though if ihe -work were done under *the written contract, the price therein stipulated will deter- [706 mine the amount of compensation. So if the contract has been put an end to, or cancelled, the plaintiff may recover what such services are reasonably worth, or that compensation usually paid for like services at the time and place when and where these were rendered. Having settled the right to compensation, if any, and the amount, you will adjust the other accounts between the parties and find the balance: even if the plaintiff have no right to recover in this form of action for the service as clerk, the other accounts may be adjusted.
Verdict for the plaintiff, $239.96.
Motion for a new trial, but the plaintiff remitted so much of his verdict as to reduce it to $176, and judgment was rendered.